A. CASS CANFIELD ET AL., TRUSTEES, v. WILLIAM M. BURNS AND JOHN J. SHAW.

*Forcible detainer—Parties—Possession.*

On a review of the testimony, the Court held that no case was made by plaintiffs, and a new trial was granted.

Error to Wayne. (Jennison, J.) Argued June 23, 1887. Decided July 7, 1887.

Forcible detainer. Complainants recoverd before commissioner and in circuit court. Defendant Burns brings error. Reversed. The facts are stated in the opinion.

*Charles Flowers*, for appellant.

*Walker & Walker*, for plaintiffs (complainants below).

MORSE, J. The complainants brought an action before a circuit court commissioner for the county of Wayne to obtain restitution of lot No. 26, block 4, of the Cass farm, claiming that a lease of the premises executed by Lewis Cass to one Charles Gubby had been terminated.

Gubby had assigned his interest to Shaw. Burns was made a party to the proceedings upon the ground that he was occupying under Shaw.

The commissioner rendered judgment for the complainants. Burns appealed to the circuit court. Shaw did not appeal. Upon a trial in that court the circuit judge, Hon. William Jennison, instructed the jury to bring in a verdict for the complainants, which they did. Judgment was thereupon entered upon the verdict, and Burns brings the case here upon bill of exceptions.

It was claimed by the defendant Burns that the evidence showed that he was not in possession of the premises at the time of the commencement of the suit, and therefore was not a proper party to the suit, and he asked a verdict in his favor. The circuit judge refused to direct a verdict in his behalf, and said:

"The case is not entirely free from difficulty. At the same time, if the plaintiff's counsel think he is entitled to a verdict, let the verdict be rendered that way."

The court was plainly in error.

The testimony was substantially as follows: The complainants proved the lease, and that the property belonged to the estate of Isabella Von Limburg. They showed the assignment of the lease by Gubby to Shaw, and the expiration of the lease on the first day of January, 1887, and that Shaw was a tenant of the property under the lease.

J. Huff Jones was sworn on the part of the complainants. On being asked who was in possession of the premises on the tenth day of January, 1887, the date of the commencement of suit, he answered:

"Mr. Burns claimed to be under Mr. Shaw. Mr. Shaw told me so."

Upon cross-examination, he testified as follows:

"Q. How do you know Mr. Burns claimed to hold under Shaw?

"*A.* Mr. Shaw told me so, and Mr. Burns came, and wanted me to renew the lease to him and Shaw.

"*Q.* Did you ever see Mr. Burns upon the premises?

"*A.* No, sir; I have never seen the building since Burns occupied it. Burns came with Shaw, and wanted to renew the lease, which I declined to do. This was, I think, after the first of January. I think Mr. Shaw came before the first of January, and I declined to renew it then.

"*Q.* When did Mr. Shaw tell you that Burns was in possession of the building?

"*A.* He told me before and after the first of January. He told me he had leased it to Mr. Burns until the first of next May."

The complainants then rested.

The defendant Burns was then sworn in his own behalf, and produced and proved a lease of the premises from Shaw to his wife, Maggie Burns, and testified that the said Maggie Burns had occupied the premises under said lease ever since the same was executed, and paid the rent to the agent of Shaw, and produced and put in evidence the receipts for the same. This was all the evidence in the case.

It will at once be seen that no case was made out on the trial in the circuit against the defendant Burns. The only proof of his possession or occupation of the premises was hearsay, being the declaration of Shaw. Complainants' counsel insist that the declaration of Shaw was made in the presence of Burns, but the evidence does not show it. We may guess that Shaw told Jones that Burns was in possession, in the presence of Burns, but there is no evidence of that fact. The testimony fails to show whether this statement of Shaw was made before the first of January, when Burns was not with him, or afterwards, when Burns and Shaw were together. The inference may be drawn one way as well as the other. It was the duty of the complainants, before asking for a verdict in their favor, to show affirmatively that Burns was in possession. The lease from Shaw ran to Maggie Burns, and the defendant's evidence, that she occupied the

premises under it, was decisive of this question of occupancy.

The complainants' counsel seek to help out their defective case by the argument that the defendant, although a witness in his own behalf, did not testify that he was not in posession. He was not required to do so until some evidence had been introduced tending to show that he was occupying the premises He was not called upon to kick against nothing.

The judgment of the court below must be reversed, with costs, and a new trial granted.

The other Justices concurred.